> APPLICATION DENIED
> SO ORDERED /s/ Vernon S. Broderick
> VERNON S. BRODERICK
> U.S.D.J.
>
> Plaintiff's motion to amend the complaint is DENIED at this time. To the extent that Plaintiff would like to dismiss both Defendants, Plaintiff shall file a stipulation of voluntary dismissal with prejudice. With regard to the request to amend, Plaintiff must demonstrate why it is appropriate to name the two new entities in the currently filed case as opposed to filing a new action. In this regard, Plaintiff should explain what, if any, relationship there is between the dismissed entities and the two new entities.
>
> Dated: August 7, 2024

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

    Re:    *Perissa, et al. v. United States Polo Association, et al.*, No. 1:23-cv-10650-VSB
            Letter Motion to Stay Scheduling Order and Amend Complaint

Dear Judge Broderick:

    We write on behalf of Plaintiff Barbel Perissa ("Plaintiff"), pursuant to Local Rule 7.1(d) and Rule 1(G) of Your Honor's Individual Practice Rules, to request: (1) a stay of the operative scheduling order (Dkt. 27); and (2) for leave to amend the Complaint (Dkt. 1). The purpose of both requests is to add two new defendants, JRA Trademark Company, Ltd. ("JRA Trademark") and US Outlet Stores Central Valley, LLC ("Central Valley"), and to dismiss the current defendants, United States Polo Association ("USPA") and USPA Properties, Inc. ("Properties"). This Motion is unopposed by USPA and Properties.

    Plaintiff's proposed First Amended Complaint ("FAC") is attached as Exhibit 1 and as a redline against the original Complaint in Exhibit 2. The underlying factual allegations and Counts in the original Complaint remain mostly unchanged in the FAC, other than to specify the new defendants' role(s) in the alleged false pricing scheme and expand on allegations concerning economic injury. Plaintiff also respectfully requests that the Court issue a new scheduling order after the new defendants make an appearance.

**Deadlines and Prior Requests and Extensions (Chamber Rule 1(G)).**

    This Court entered a scheduling order on March 20, 2024. Dkt. 27. The scheduling order set forth the following relevant deadlines:

- A 30-day deadline to join parties, which would have been April 20, 2024.

- A deadline of December 6, 2024, for Plaintiff's Motion for Class Certification, a deadline of January 17, 2025, for any Opposition, and a deadline of February 28, 2025, for Reply.

- A deadline for all discovery to be completed no later than 120 days after Plaintiff's Motion for Class Certification is decided. All fact discovery is to be completed no later than 90 days after Plaintiff's Motion for Class Certification is decided. All expert discovery is to be completed no later than 120 days after Plaintiff's Motion for Class Certification is decided.

1



1234 Camino del Mar
Del Mar, CA 92014
Phone: 619.762.1910
Fax: 818.313.1850
www.lynchcarpenter.com

On January 23, 2024, this Court granted USPA and Properties' request for a 30-day extension of time to respond to Plaintiff's Complaint. Dkt. 13. There have been no other requests for adjournments or extensions of time. Crucially, USPA and Properties consent to this request.

**Good Cause Exists for the Requested Extension and Amendments**

Plaintiff initially filed suit against USPA and Properties in December 2023. The original Complaint alleges that USPA and Properties engage in a false and misleading price reference scheme in the marketing and selling of their merchandise at their retail and outlet stores in New York, in violation of the New York Consumer Protection from Deceptive Acts and Practices Act, New York False Advertising Act, and the Federal Trade Commission Act. Dkt. 1 at 3, 5.

Based on public information, including substantial internet research and statements made on the USPA website, uspoloassn.com, Plaintiff reasonably believed that USPA and Properties were parties responsible for both selling and setting prices for USPA products sold on the website and in USPA retail stores. For example, the Terms and Conditions on the USPA website state: "This site is created and controlled by USPA in the State of New York, U.S." https://uspoloassn.com/pages/terms-conditions (last visited July 16, 2024). It further states that "U.S. Polo Assn. brand products are authentic and officially sanctioned by the United States Polo Association," and that "our products are sold through our licensing program in over 135 countries at independent retail stores, department stores and U.S. Polo Assn. brand stores." https://uspoloassn.com/pages/about-us (last visited July 16, 2024). And, it says "[t]he U.S. Polo Assn. brand is managed by USPA Properties, Inc., a wholly owned subsidiary of the U.S. Polo Association," whose "mission is to develop a long-term source of revenue for the U.S. Polo Association." *Id.*

However, discovery (including a recent deposition of the general counsel for Properties) has shown that USPA and Properties are not the proper defendants because they do not operate the website, they do not own or operate the retail stores, and they do not set the prices for USPA-branded merchandise sold through either of those channels. In fact, neither USPA nor Properties sells any merchandise to consumers. Rather, discovery has revealed that the current defendants license the USPA brand—U.S. Polo Assn.--to a third party, JRA Trademark, a New York entity that either directly or indirectly operates the uspoloassn.com website, and that JRA Trademark, in turn, sublicenses the U.S. Polo Assn. brand to other entities, including Central Valley, that sell merchandise at U.S. Polo Assn. branded retail stores, including the New York store at which Plaintiff purchased the products at issue in this case. Accordingly, Plaintiff now believes that JRA Trademark and Central Valley are the proper defendants who set the prices for products sold on in the New York-based U.S. Polo Assn. branded retail stores, including the store at which Plaintiff purchased her U.S. Polo Assn. branded merchandise.

**Fed. R. Civ. P. 16**

"Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good



1234 Camino del Mar
Del Mar, CA 92014
Phone: 619.762.1910
Fax: 818.313.1850
www.lynchcarpenter.com

cause.'" *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15(a), 16(b)). "To show good cause, a movant must demonstrate that it has been diligent, meaning that, 'despite its having exercised diligence, the applicable deadline could not have been reasonably met.'" *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05–cv–3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)).

A movant demonstrates diligence when it moves promptly to amend after learning new facts through discovery that were unavailable prior to the applicable deadline. *See, e.g., Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008). In *Bridgeport Music, Inc.*, the plaintiff moved to amend its complaint to add a new defendant three weeks after learning new information during a discovery deposition. *Id.* The court for the Southern District of New York noted that "courts have permitted amendments where the time between a moving party's discovery of relevant facts and the motion to amend was much longer." *Id.* For example, in *Securities and Exchange Commission v. PCI Telecommunications, Inc.*, 207 F.R.D. 32, 34–35 (S.D.N.Y. 2002), the plaintiff filed a motion for leave to amend four months after obtaining new information in discovery. *Id.* By contrast, in *Grochowski v. Phoenix Const.*, the movants were not diligent because they delayed more than one year after learning additional information to seek to amend their complaint. 318 F.3d 80, 86 (2d Cir. 2003).

There is no way that Plaintiff could have known JRA Trademark and Central Valley operate the retail store and set the prices for products under the U.S. Polo Assn. brand prior to filing suit and obtaining discovery from the current defendants. Like the plaintiff in *Bridgeport Music*, Plaintiff only began to learn some of this information during the deposition of Jennifer Miller, General Counsel for Properties, on June 6, 2024. Thereafter, Plaintiff engaged in further informal discovery focused on discerning the relationship between JRA Trademark and Central Valley, including discussions with counsel for the current defendants. Plaintiff then notified the current defendants of her intent to voluntarily dismiss them and file the FAC naming JRA Trademark and Central Valley as new defendants. Moreover, Plaintiff obtained consent from the current defendants for all the relief requested herein. Thus, Plaintiff has demonstrated sufficient diligence to satisfy the Rule 16 good cause standard, and there is no basis to find prejudice to any party.

**Fed. R. Civ. P. 15**

"Having determined that Plaintiffs have shown good cause for their proposed amendment under Rule 16(b), the Court next must address the factors set forth in Rule 15(a)." *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 361 (S.D.N.Y. 2014) (quoting *Est. of Ratcliffe v. Pradera Realty Co.*, No. 05 CIV. 10272 (JFK), 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007)). The Supreme Court has outlined several factors courts consider in assessing viability of amendment: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously permitted, prejudice to the opposing party, and futility of amendment. *See Forman v. Davis*, 37 U.S. 178, 182 (1962).

LYNCH CARPENTER

1234 Camino del Mar
Del Mar, CA 92014
Phone: 619.762.1910
Fax: 818.313.1850
www.lynchcarpenter.com

Plaintiff could not have even known about the proper defendants until, at the earliest, June 2024, and she now promptly seeks leave to file her FAC after conducting additional discovery that was necessary to better understand the links and relationship between the current defendants and the proposed new defendants. Plaintiff attaches her Proposed FAC to this Motion, thus demonstrating that her request for leave is timely and her complaint is ready for filing. Additionally, the current defendants do not oppose the amendment, nor have they suggested that there is undue delay. Thus, this factor weighs in favor of permitting an amendment.

"Bad faith exists when a party attempts to amend its pleading for an improper purpose." *Adams v. City of New York*, 993 F.Supp.2d 306, 322 (E.D.N.Y. 2014) (quoting *Azkour v. Haouzi*, No. 11–CV–5780, 2012 WL 3667439, at *2 (S.D.N.Y. Aug. 27, 2012)). There is no improper purpose here. Rather, Plaintiff seeks leave to amend her Complaint to name the *proper* defendants who are responsible for the allegedly false and misleading price reference scheme, and to dismiss the current defendants who, discovery has shown, are not responsible for the false and misleading price reference scheme. Furthermore, current defendants do not oppose the amendment and have not argued that it is in bad faith.

Moreover, the parties have fully briefed the current defendants' motion to dismiss, but this Court has not yet ruled on that motion or outlined deficiencies in Plaintiff's allegations. Rather, this is the first time that Plaintiff has sought leave to amend her Complaint to cure deficiencies that she could not have known prior to filing suit and obtaining discovery from the current defendants. Thus, there has not been a repeated failure to cure deficiencies. This factor favors allowing amendment.

"An amendment may be prejudicial if it would (1) require the defendant to expend 'significant additional resources' to conduct discovery, or would (2) 'significantly delay the resolution of the dispute.'" *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)). After discovery revealed the true entities responsible for setting prices for the products at issue, Plaintiff promptly filed this Motion for Leave to Amend to dismiss the current defendants and replace them with the proper defendants. Thus, the current defendants will be relieved of the costs associated with further discovery and resolution of the dispute. Accordingly, there is no undue prejudice to them. Furthermore, there is no undue prejudice to JRA Trademark or Central Valley, who Plaintiff's counsel only learned about in June 2024. To the contrary, Plaintiff and class members will be prejudiced without the requested relief because, based on all available public information, Plaintiff's counsel acted in good faith, and it was only through the discovery process that the true facts and responsible parties were revealed.

"'Where a party opposes a motion to amend a complaint based on futility, the proposed pleadings may be reviewed for adequacy.'" *Lincoln v. Potter*, 418 F. Supp. 2d 443, 455 (S.D.N.Y. 2006) (quoting *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991)). Defendants do not oppose Plaintiff's Motion to Amend, nor have they argued that the amendment is futile. In fact, should this Court grant the Motion, counsel for the current defendants will represent, and



1234 Camino del Mar
Del Mar, CA 92014
Phone: 619.762.1910
Fax: 818.313.1850
www.lynchcarpenter.com

have already agreed to accept service of the FAC on behalf of, JRA Trademark. Therefore, this factor favors allowing amendment.[1]

For the reasons stated above, Plaintiff respectfully requests a stay of the scheduling order and leave to file the proposed FAC which will: (1) voluntarily dismiss the current defendants; and (2) add two new defendants, JRA Trademark and Central Valley. Plaintiff also respectfully requests that the Court issue a new scheduling order as soon as practicable after the first appearance by JRA Trademark and Central Valley.

Respectfully submitted,

Dated: August 2, 2024    **LYNCH CARPENTER, LLP**

By:    */s/ Matthew J. Zevin*
Matthew J. Zevin (*pro hac vice*)
mattz@lcllp.com
Todd D. Carpenter (*pro hac vice* forthcoming)
todd@lcllp.com
Scott G. Braden (*pro hac vice*)
scott@lcllp.com
1234 Camino del Mar
Del Mar, CA 92014
Tel.:    619-762-1910
Fax:    619-756-6991

**LYNCH CARPENTER, LLP**
Gary F. Lynch (NY 5553854)
gary@lcllp.com
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.:    412-322-9243

*Attorneys for Plaintiff*

cc:    All counsel of record (via ECF)

---

[1] Counsel for the current defendants do not expect to represent Central Valley, so Plaintiff will need to effect service on that party after filing the FAC.